IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ALWAN A. MUHAMMAD, PRO SE, § <br> also known as § <br> ALWAN ABDULLAH MUHAMMAD, § <br> also known as § <br> ALWAN NASIR IBNUDDIN, § <br> also known as § <br> ALWAN NASIR LINDSAY, § <br> TDCJ-CID No. 853934, § <br>  § <br> Plaintiff, § <br>  § <br> v. § <br>  § <br> PAUL W. SLOAN, § <br> LORENZO R. LOPEZ, § <br> and JIMMY L. JAMES, § <br>  § <br> Defendants. § | 2:09-CV-0258 |

## REPORT AND RECOMMENDATION

Plaintiff ALWAN A. MUHAMMAD, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants. Plaintiff has paid the filing fee and is not proceeding in forma pauperis.

Plaintiff claims he has been the target of a "hit" by Hispanic gang members at the Clements Unit since December of 2008.

Plaintiff sues defendant SLOAN, claiming he has placed plaintiff's life in danger by conducting inadequate investigations of his life endangerment claims and has failed to take adequate action.

Plaintiff claims defendants LOPEZ and JAMES have increased the danger to plaintiff by

revealing confidential information about him. Plaintiff alleges that, in January of 2009, defendant LOPEZ told Hispanic inmates involved in the "hit" on plaintiff of a confidential meeting plaintiff had with a Lt. Briant concerning plaintiff's claim about the "hit." Plaintiff alleges LOPEZ revealed the details of the meeting and a statement which plaintiff did not make, causing plaintiff to be seen as a "snitch" by the other inmates in the ECB Building and increasing the danger to him. Plaintiff further alleges that, in January of 2009, defendant JAMES escorted plaintiff to a confidential Unit Classification Committee meeting regarding an Offender Protection Investigation into a death threat plaintiff received and, upon their return, JAMES told other inmates plaintiff was a "snitch" and that defendant SLOAN had acted as if he didn't believe plaintiff. Plaintiff alleges defendant JAMES repeated those statements to inmates on plaintiff's pod in September of 2009, increasing the danger for plaintiff.

Plaintiff requests injunctive relief requiring TDCJ to transfer him to another unit so he will be in a non-threatening environment and to revise its investigative procedures into inmate life endangerment claims.

## JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v.*

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

*Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

The Eighth Amendment's proscription against cruel and unusual punishment requires prison officials to protect inmates from violent attacks by other inmates. *Farmer v. Brennan,* 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). However, not every injury "suffered by one prisoner at the hands of another ... translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834, 114 S.Ct. 1970. Liability for an Eighth Amendment deprivation requires the same delinquency in denial of protection against harm from other inmates as it does for denial of medical care, *Johnston v. Lucas*, 786 F.2d at 1259; thus, there must be an allegation of facts which will support deliberate indifference on the part of officials, *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The plaintiff prisoner must prove: (1) he is incarcerated under conditions "posing a substantial risk of serious harm," and (2) that the defendant prison official's state of mind is one of "deliberate indifference" to the prisoner's health or safety. *Horton v. Cockrell*, 70 F.3d 397, 401 (5th Cir. 1995); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause of commendation, cannot under our cases be condemned as infliction of punishment." *Farmer v.*

---

[2]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

*Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811, 823 (1994).

Plaintiff sues defendant SLOAN for alleged inadequate investigations of plaintiff's three life endangerment claims, or Offender Protection Proceedings. Plaintiff complains defendant SLOAN interviewed the inmates who were involved, did not discover any supporting evidence, and then concluded plaintiff's claims lacked evidentiary support. In the present case, plaintiff's own allegations show defendant SLOAN was responsive to plaintiff's complaints of life endangerment and investigated those claims. Plaintiff does not feel the investigation was adequate but does not allege any reasonable investigative step which was left undone. Instead, plaintiff is dissatisfied because the investigation failed to produce proof to support plaintiff's complaints. A prisoner does not have a basis for a civil rights claim for failure to protect simply because he disagrees with the classification decision made by classification officials. *Neals v. Norwood*, 59 F.3d 530 (5th Cir.1995). Plaintiff has not alleged facts supporting a claim that defendant SLOAN was deliberately indifferent to his safety. At most, he has merely shown that he disagrees with SLOAN's decisions. Plaintiff's allegations do not even state facts sufficient to support a claim, much less one of deliberate indifference by defendant SLOAN.

## CONCLUSION

For the reasons set forth above and pursuant to Title 42, United States Code, section 1997e(c)(1), it is the recommendation of the Magistrate Jude to the United States District Judge that the Civil Rights Claims filed pursuant to Title 42, United States Code, Section 1983, by plaintiff ALWAN A. MUHAMMAD be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 29th day of December, 2009.

*signature*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).